UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-300-FDW

| DAYSHAWN BECKHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| THE STATE OF NORTH CAROLINA, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff is a pretrial detainee on charges including first-degree murder in Mecklenburg County Superior Court, Case No. 20CRS206428.[1] He filed the instant action pursuant to 42 U.S.C. § 1983 for violations of the Fifth, Sixth, and Fourteenth Amendments, and North Carolina General Statutes § 15-10. In the Complaint,[2] he names as Defendants: Spencer Merriweather, the Mecklenburg County District Attorney; and Kimberly Gardner and Terra L. Varhes, Assistant District Attorneys. The Plaintiff claims that he is being falsely imprisoned and denied a speedy trial on the first-degree murder charge, which lacks evidentiary support. The

---

[1] The Plaintiff also has pending charges for: malicious conduct by a prisoner by throwing a substance, Case Nos. 21CRS220907-590, 21CRS207589-590, 21CRS207590-590, 21CRS204151-590, 21CRS202704-590, 21CRS202608-590, 20CRS239257-590; assault on a government official/employee, Case No. 21CR204150-590; and malicious conduct by prisoner, Case No. 20CRS015642-590; see Fed. R. Ev. 201.

[2] The Plaintiff's Complaint is unsigned. See Fed. R. Civ. P. 11. The Court will not direct the Plaintiff to sign the Complaint at this time; however, because it would not pass initial review even if it were signed.

Plaintiff seeks $20 million in damages, a bench trial, and for the Defendants to go to prison.[3] [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

---

[3] The injunctive relief that the Plaintiff seeks is not available in this action because, as a private citizen, the Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).

2

166 (2023).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 2 (referring to "ADA Bill Bunting" and to defense counsel)]; Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity."). The allegations directed at individuals not named as Defendants are, therefore, dismissed without prejudice. [4]

The Plaintiff names as Defendants the Mecklenburg County District Attorney and two Assistant District Attorneys. Prosecutors are absolutely immune from conduct that is "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). This includes "initiating a prosecution and ... presenting the State's case." Id. at 431; see Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (immunity applies to the extent that prosecutors serve as advocates for the State). Here, the Plaintiff's allegations regarding inadequate evidence and the denial of a speedy trial are directly involved in the prosecution of the state's case. The Plaintiff's claims are, therefore, barred by prosecutorial immunity and they are dismissed.[5]

---

[4] Even if the Plaintiff had named ADA Buntin and his appointed defense counsel as Defendants, the claims against them would be dismissed based on prosecutorial immunity as discussed *infra*, and because defense counsel is not a person acting under the color of state law. See Imbler v. Pachtman, 424 U.S. 409 (1976); Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 n. 8-16 (1981) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); Hall v. Quillen, 631 F.2d 1154, 1155–1156 & n. 2-3 (4th Cir. 1980) (court-appointed attorney).

[5] At this stage, the Court declines to parse through Plaintiff's allegations and address other deficiencies in Plaintiff's Complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(iii) and 1915A.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

**IT IS SO ORDERED.**

Signed: May 10, 2024

Frank D. Whitney
United States District Judge