UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-cv-300-FDW

| | |
|---|---|
| DAYSHAWN BECKHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| THE STATE OF NORTH CAROLINA, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of the pro se Amended Complaint [Doc. 10]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

## I. BACKGROUND

The pro se Plaintiff is a pretrial detainee on charges including first-degree murder in Mecklenburg County Superior Court. He filed the instant action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint was dismissed on initial review because it suffered numerous serious deficiencies, including that the Plaintiff's claims against state prosecutors were barred by prosecutorial immunity. [Doc. 9]. The Court granted the Plaintiff the opportunity to amend, and the Amended Complaint is now before the Court for initial review. [Doc. 10].

The Plaintiff now names the State of North Carolina as the sole Defendant. [Id. at 2]. He asserts claims for the violation of his Fifth, Sixth, and Fourteenth Amendment rights and N.C. Gen. Stat. § 15-10 as follows:

> The State of NC purposely ignored my motion for speedy trial filed on 03/16/21 and refuse to take me to trial in over 2,000 day's since my arrest and over 1,000 day's since filed speedy trial motion and purposely ignored my filed motion for modified terms of release due to violating my fifth, sixth, and fourteenth

amendment right to due process and speedy trial under NCGS 15-10.

[Id. at 3-4] (errors uncorrected). For injury, he claims:

> Staples in head, fractured eye socket, fractured nose, broken left forearm, diegnos with dieabeates typ2, emotional stress, mental stress, phisical stress, suicide attempt, excessive loss of weigh, high blood pressure, diegnos with mood disorder.

[Id. at 5] (errors uncorrected). He seeks "20 million dollars in monetary relief for the violation of my rights [and] … a statute or policy in reference to my name and case for other people who will or already have suffered from this exact claim with monetary relief of 60 million dollars." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Amended Complaint again refers to individuals who are not named as defendants in the caption, and these claims are dismissed for the reasons previously discussed. [See, e.g., Doc. 10 at 4 (referring to Robert K. Trobich and Giles Gilles); see Doc. 9 at 3].

It appears that the Plaintiff is seeking relief on behalf of himself and others. [See Doc. 10 at 5]. As a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others"); Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff is attempting to assert claims on behalf of others, they are dismissed.

The Plaintiff names the State of North Carolina as the sole Defendant. The Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign

immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Likewise, North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina). The Plaintiff's claims are barred by sovereign immunity and cannot proceed.[1]

The Court will dismiss this action with prejudice because the Plaintiff has already been allowed to amend his Complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 F. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Amended Complaint fails initial review and this action is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

## ORDER

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(iii) and 1915A.

The Clerk is respectfully requested to mail the Plaintiff a blank § 2241 form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: May 31, 2024

Frank D. Whitney
United States District Judge

---

[1] Because the Plaintiff alleges that he is being denied a speedy trial, the Clerk will be instructed to mail the Plaintiff a blank habeas form in an abundance of caution. The Court makes no determinations about the potential merit or procedural viability of such an action.

4